**Electronically Filed
Intermediate Court of Appeals
CAAP-14-0000351
25-FEB-2015
08:08 AM**

NO. CAAP-14-0000351

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

STATE OF HAWAI'I, Plaintiff-Appellee, v.
TED DEOLIVEIRA, Defendant-Appellant

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CR. NO. 12-1-0571)

SUMMARY DISPOSITION ORDER
(By: Leonard, Presiding Judge, and Reifurth, J.,
with Ginoza, J., dissenting and concurring)

Defendant-Appellant Ted DeOliveira (**DeOliveira**) appeals from a December 16, 2013 Judgment of Conviction and Sentence entered by the First Circuit Court (**Circuit Court**).[1] DeOliveira was convicted of Burglary in the First Degree in violation of HRS § 708-810(1)(c) (2014) (**Count I**) and Assault in the Third Degree in violation of HRS § 707-712(1) (2014) (**Count II**). He was sentenced to ten years imprisonment with a mandatory minimum of three years and four months on Count I and thirty days imprisonment on Count II, sentences to run concurrently.

DeOliveira appeals only as to Count I, arguing that the Circuit Court erred when it: (1) failed to instruct the jury that it could not find DeOliveira guilty of Burglary in the First Degree based on his assault of Anne Angyal (**Angyal**), because Burglary in the First Degree requires the "intent" to commit a

---

[1] The Honorable Karen S. S. Ahn presided.

crime in the burgled building, and the State charged DeOliveira only with a reckless state of mind in Count II; (2) failed to provide the jury with a special verdict form asking, in the event that the jury found DeOliveira guilty of Burglary in the First Degree, that it indicate which underlying crime against a person or property rights it believed DeOliveira intended to commit; and (3) denied his motion for judgment of acquittal on Count I based on insufficient evidence.

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, we resolve DeOliveira's points of error as follows:

(1&2)  HRS § 708-810(1)(c) provides, in relevant part:

(1) A person commits the offense of burglary in the first degree if the person intentionally enters or remains unlawfully in a building, with intent to commit therein a crime against a person or against property rights, and:

. . . .

(c) The person recklessly disregards a risk that the building is the dwelling of another, and the building is such a dwelling.

Thus, to convict DeOliveira of Burglary in the First Degree, the jury had to find that DeOliveira intentionally entered or remained unlawfully in Angyal's residence "with intent to commit therein a crime against a person or against property rights."  Id.  "[T]he crime intended to be committed on the premises does not have to be committed in order to make the act of entering or remaining the crime of burglary, only the intent must be formed."  State v. Robins, 66 Haw. 312, 314, 660 P.2d 39, 41 (1983).  While proof that the underlying crime actually occurred may tend to show an intent to commit that crime, the State is not required to prove that the crime was completed in order to prove that the defendant had the intent to commit it. Additionally, "[a] burglary conviction . . . can be based upon a showing of intent to commit any crime.  A showing of intent to commit some particular crime is not required."  State v. Motta, 66 Haw. 89, 94, 657 P.2d 1019, 1022 (1983).

Here, the State argued two alternatives, i.e. DeOliveira intended to commit the theft of some recording

equipment from Angyal's apartment or that he intended to assault Angyal. With regard to the latter, DeOliveira argues that because the State charged him in Count II under HRS § 707-711(1)(b) (2014) ("recklessly causes serious or substantial bodily injury to another"), its theory was that he recklessly (rather than intentionally or knowingly) caused serious or substantial bodily injury to Angyal.

Thus, he contends, the Circuit Court should have instructed the jury that it could not find him guilty of First Degree Burglary based on his assault of Angyal, because First Degree Burglary requires that the defendant enter or remain unlawfully in a building "with intent to commit therein a crime[.]" In other words, because the State did not charge DeOliveira with "intentional" assault, his assault of Angyal could not have been the underlying intended crime supporting the burglary verdict. DeOliveira argues that, therefore, had the Circuit Court provided the requested instructions and verdict form, "if the jury replied that the basis [for the burglary] was the assault against Anne Angyal, the court could have acquitted Mr. DeOliveira on the burglary count because it would have been an inconsistent verdict. The fact that no such instructions nor verdict forms were given made the court's instructions insufficient and erroneous and allowed for inconsistent verdicts."

> When faced with a claim that verdicts are inconsistent, the court must search for a reasonable way to read the verdicts as expressing a coherent view of the case, and must exhaust this effort before it is free to dismiss the jury's verdict and remand the case for a new trial. The consistency of the jury verdicts must be considered in light of the judge's instructions to the jury.

Carr v. Strode, 79 Hawai'i 475, 489, 904 P.2d 489, 503 (1995) (citation and internal quotation marks omitted).

The State argues that its theory was not that DeOliveira was reckless with respect to his conduct, but rather that he was reckless with respect to the degree of injury his conduct was likely to cause to Angyal. HRS § 702-206(3) (2014) differentiates between acting "recklessly" with respect to one's

conduct and with respect to a result of that conduct.[2] During the trial, the State argued that DeOliveira intended to hit Angyal, but that he was reckless as to the result of his conduct "when he consciously disregarded a substantial and unjustifiable risk that punching [Angyal] would cause [her injuries]." Accordingly, the State's decision to charge DeOliveira with a "reckless" state of mind under HRS § 707-711(1)(b) would not, as DeOliveira contends, produce an inconsistent verdict with respect to the burglary charge.

> Additionally,
>
> HRS § 702-208 (1993) provides in relevant part that "[w]hen the law provides that recklessness is sufficient to establish an element of an offense, that element also is established if, with respect thereto, a person acts intentionally or knowingly." "Since intent, knowledge, [and] recklessness . . . are in a descending order of culpability, this section establishes that it is only necessary to articulate the minimal basis of liability for the more serious bases to be implied. The proposition is essentially axiomatic." Commentary on HRS § 702-208 (internal quotation marks and footnote omitted).

State v. Holbron, 80 Hawai'i 27, 40, 904 P.2d 912, 925 (1995).

Thus, a jury's conviction need not rest on the same state of mind charged by the prosecution, so long as the jury finds that the defendant possessed a state of mind reflecting no less culpability than that required under the statute and all the

---

[2] HRS § 702-206(3) provides, in relevant part:

(3) "Recklessly."
(a) A person acts recklessly with respect to his conduct when he consciously disregards a substantial and unjustifiable risk that the person's conduct is of the specified nature.
(b) A person acts recklessly with respect to attendant circumstances when he consciously disregards a substantial and unjustifiable risk that such circumstances exist.
(c) A person acts recklessly with respect to a result of his conduct when he consciously disregards a substantial and unjustifiable risk that his conduct will cause such a result.
(d) A risk is substantial and unjustifiable within the meaning of this section if, considering the nature and purpose of the person's conduct and the circumstances known to him, the disregard of the risk involves a gross deviation from the standard of conduct that a law-abiding person would observe in the same situation.

elements of the charge are satisfied. The jury in this case could have arrived at a guilty verdict on the assault charge based on a finding that DeOliveira possessed a knowing or intentional state of mind. Therefore, the jury instruction requested, that the jury could not find DeOliveira guilty of Burglary in the First Degree based on his assault of Angyal, would have been inaccurate and/or misleading. Moreover, as noted above, the requisite intent is the "intent to commit therein a crime against a person or property rights", which may be independent of the crime, if any, actually committed therein.

DeOliveira further argues that a special verdict form was necessary to determine whether the jury based the burglary verdict on the assault, because if it had, the Circuit Court could have acquitted DeOliveira based on the inconsistency of the burglary and assault verdicts. The supreme court has held:

> When the evidence indicates that several distinct criminal acts have been committed, but [the] defendant is charged with only one count of criminal conduct, jury unanimity must be protected. . . . . The [prosecution] may, in its discretion, elect the act upon which it will rely for conviction. Alternatively, if the jury is instructed that all 12 jurors must agree that the same underlying criminal act has been proved beyond a reasonable doubt, a unanimous verdict on one criminal act will be assured. When the [prosecution] chooses not to elect, this jury instruction must be given to ensure the jury's understanding of the unanimity requirement.

State v. Mahoe, 89 Hawai'i 284, 291, 972 P.2d 287, 294 (1998) (brackets in original) (quoting State v. Arceo, 84 Hawai'i 1, 31, 928 P.2d 843, 873 (1996)).

Here, the Circuit Court gave the following unanimity instruction to the jury:

> The law allows the introduction of evidence for the purpose of showing that there is more than one intent upon which proof of an element of an offense may be based. In order for the Prosecution to prove an element, all twelve jurors must unanimously agree that the same intent has been proved beyond a reasonable doubt.

This instruction was sufficient to ensure that all twelve jurors agreed that DeOliveira possessed the requisite intent to commit "a crime against a person or against property rights."

Finally, DeOliveira also argues that, with respect to Count II, the Circuit Court should not have instructed the jury on the lesser included offense of Assault in the Third Degree by mutual affray because mutual affray requires mutual consent, which is inconsistent with the reckless state of mind charged in Count II, and further confuses the requisite intent required in Count I. However, while Assault in the Third Degree is a lesser included offense of Assault in the Second Degree, as the supreme court has explained:

> mutual affray, HRS § 707-712(2), is not a lesser included offense of Assault in the Third Degree, but rather, a mitigating defense to Misdemeanor Assault in the Third Degree. . . .
> Hawai'i Jury Instructions Criminal (HAWJIC) 9.21 relating to mutual affray Assault in the Third Degree states that "[w]hen an Assault in the Third Degree instruction is submitted to the jury, the court must also submit a mutual affray instruction and special interrogatory where there is any evidence that the fight or scuffle was entered into by mutual consent." (Emphasis added.) Accordingly, we hold that the court must submit a mutual affray instruction to the jury where there is any evidence in the record that the injury was inflicted during the course of a fight or scuffle entered into by mutual consent, as indicated in HAWJIC 9.21.

State v. Kikuta, 125 Hawai'i 78, 95-96, 253 P.3d 639, 656-57 (2011) (footnote omitted). DeOliveira argues that the "mutual consent" required for the jury to find that "mutual affray" mitigation applied is inconsistent with the reckless state of mind alleged in the original Assault in the Second Degree charge. However, as discussed supra,

> HRS § 702-208 (1993) provides in relevant part that "[w]hen the law provides that recklessness is sufficient to establish an element of an offense, that element also is established if, with respect thereto, a person acts intentionally or knowingly."

Holbron, 80 Hawai'i at 40, 904 P.2d at 925.

In the instant case, the Circuit Court gave an instruction that the jury could alternatively find DeOliveira guilty in Count II of the lesser included offense of Assault in the Third Degree. Because there was some evidence in the record that the injury to Angyal occurred in the course of a fight or scuffle entered into by mutual consent, the Circuit Court correctly instructed the jury on the mitigating defense of mutual affray. Id. at 40, 904 P.2d at 925. The jury found that the

State had failed to prove beyond a reasonable doubt that DeOliveira and Angyal did not enter into a scuffle by mutual consent. We find no error in this regard, and for the same reasons articulated above, do not find this verdict to be inconsistent with the jury's verdict on Count I.

We conclude that the Circuit Court's refusal to provide the requested jury instructions and/or special verdict form was not prejudicially insufficient, erroneous, inconsistent, or misleading. State v. Walton, 133 Hawai'i 66, 83, 324 P.3d 876, 893 (2014). Thus, the Circuit Court did not err.

(3) DeOliveira argues that the Circuit Court erred in denying his motion for judgment of acquittal on the Burglary in the First Degree charge in Count I because there was insufficient evidence of his intent to commit a crime upon entering or remaining unlawfully in Angyal's residence. However, viewing the evidence in the light most favorable to the State, and in full recognition of the province of the trier of fact, there was sufficient evidence to support a prima facie case so that a reasonable mind might have fairly concluded DeOliveira's guilt beyond a reasonable doubt. See State v. Foster, 128 Hawai'i 18, 25, 282 P.3d 560, 567 (2012). Thus, the Circuit Court did not err when it denied DeOliveira's motion for judgment of acquittal as to Count I.

For these reasons, the Circuit Court's December 16, 2013 Judgment of Conviction and Sentence is affirmed.

DATED: Honolulu, Hawai'i, February 25, 2015.

On the briefs:

Brandon K. Flores
for Defendant-Appellant

Stephen K. Tsushima
Deputy Prosecuting Attorney
City and County of Honolulu
for Plaintiff-Appellee

Presiding Judge

Associate Judge